# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

V.                              NO: 4:06CR00276

DARRYL KEITH FOSTER                                                         DEFENDANT

## ORDER

Pending is Defendant's motion for extension of time to file a motion for new trial and motion for new trial. (Docket # 113). The government has responded.

On March 18, 2009, following a three day jury trial, the defendant was found guilty of possession of child pornography. On May 13, 2009 the defendant moved for substitution of counsel seeking to substitute J. Blake Hendrix in place of his trial counsel John Wesley Hall. The Court allowed the substitution on May 14, 2009 and on June 5, 2009 granted counsel an extension of time in which to file objections to the presentence report. On September 24, 2009, Defendant filed the current motion seeking an extension of time to file a motion for new trial and motion for new trial. Defendant argues that a new trial should be granted based on ineffective assistance of trial counsel in two respects: first, for failing to object to evidence of other bad acts, and second, for consenting to the government's motion for a mistrial.

The Court finds the motion, filed more than six months after the verdict, untimely. Further, the Court finds that defendant has not shown that his failure to file the motion in a timely manner is the result of excusable neglect. Finally, even if the Court were to consider the motion on the merits, the motion for new trial would be denied.

Under the Supreme Court's well-established standard in *Strickland v. Washington*, a defendant must show that counsel's performance was deficient and that counsel's deficient

performance prejudiced the defense. 466 U.S. 668, 687 (1984). This requires the defendant to show "that counsel's representation fell below an objective standard of reasonableness." *Id*. at 687-88. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.... [T]he question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 693, 695. The Eighth Circuit Court of Appeals has stated that, "[w]e need not reach the performance prong if we determine that the defendant suffered no prejudice from the alleged ineffectiveness." *Pryor v. Norris*, 103 F. 3d 710, 713 (8th Cir. 1997).

Defendant has failed to demonstrate a reasonable probability that, absent the errors about which he complains, the jury would not have reached a guilty verdict. The overwhelming evidence presented at trial supports the jury's verdict of guilty. The government introduced defendant's six admissions of guilt in addition to proof of thousands of images of child pornography found on defendant's computer. Further, the Court does not find that the defendant's trial counsel's performance fell below an objective standard of reasonableness.

Wherefore, Defendant's motion, docket # 113, is denied.

IT IS SO ORDERED this 14th day of October, 2009.

James M. Moody
United States District Judge